# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK JENNINGS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1319-JPG |
| MEDICAL STAFF (St. Clair County Jail), | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the St. Clair County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants ignored his complaint about a food allergy. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

## **The Complaint**

Plaintiff submitted only a one-paragraph statement of claim, which is as follows:

> I Derrick Jennings spoke with the medical staff about been [sic] allergic to mustard and I have been receiving mustard on all of my meat each day[.] I have to give up my food because the medical staff refuse to acknowledge Ms. Mary Davis about my medical food allergic [sic].

(Doc. 1, p. 1). Plaintiff also submitted 4 pages of instructions from the Court's standard *Pro Se*

Civil Complaint form (Doc. 1, pp. 2-5), but he did not submit the completed complaint form itself. Plaintiff does not request any relief from the Court.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the sparse allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment claim against Unknown St. Clair County Jail Medical Staff, for failing to serve Plaintiff food that is free of mustard, in response to Plaintiff's report that he is allergic to mustard.

Count 1, and the Complaint, shall be dismissed without prejudice at this time, for failure to state a claim upon which relief may be granted.

**Dismissal of Count 1 – Deliberate Indifference to Food Allergy**

Because Plaintiff references his pending criminal case, it appears that he is being held in the Jail as a pretrial detainee. (Doc. 3). A pretrial detainee's "constitutional rights are derived from the Fourteenth Amendment's due-process clause rather than the Eighth Amendment, which applies to convicted inmates. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). But the standards are virtually indistinguishable." *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished). "[A] pretrial detainee is entitled to be free from conditions that amount to "punishment[.]" *Smith*, 803 F.3d at 309 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

Under Eighth Amendment standards (which the Seventh Circuit applies to pretrial

detainees' claims, *see Smith*, 803 F.3d at 309-10), two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In order to state a claim against a particular Jail official for serving him food containing mustard, Plaintiff must set forth facts to show that he made the official aware of his mustard allergy and the danger he would face from eating mustard. He must also show that the official failed to take action to prevent Plaintiff from receiving food containing mustard, despite knowing that Plaintiff would be harmed. Also relevant to Plaintiff's claim would be information regarding how much food he was forced to reject, and whether he has been able to consume sufficient food to maintain normal health. The Complaint does not contain enough information to indicate whether Plaintiff has been harmed or if any harm has been objectively serious enough to implicate his constitutional rights.

Plaintiff mentions "Ms. Mary Davis" in his statement, but he does not identify her as a Defendant. He does not say whether she is on the "medical staff," what he may have told her (or any other individual) about his dietary/food allergy needs, or what role she may have in

4

addressing his problem. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.

For the above reasons, **Count 1** and the Complaint shall be dismissed without prejudice. Plaintiff may correct these problems by submitting an amended complaint in accordance with the instructions below. In addition to naming the responsible jail official(s) as Defendants, he must include the relief he is seeking from the Court, and must sign the Complaint.

### **Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case –

addressing his problem. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.

For the above reasons, **Count 1** and the Complaint shall be dismissed without prejudice. Plaintiff may correct these problems by submitting an amended complaint in accordance with the instructions below. In addition to naming the responsible jail official(s) as Defendants, he must include the relief he is seeking from the Court, and must sign the Complaint.

### **Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff's motion states that he contacted multiple attorneys in an effort to obtain legal representation. (Doc. 3, p. 1). However, he fails to attach copies of any correspondence to or from those lawyers, as he was instructed to do. *Id.* Without such documentation, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel. If Plaintiff should file another motion requesting the recruitment of counsel, he should attach at least 3 letters from attorneys rejecting his request for legal representation.

As to the second inquiry, Plaintiff states that he is a high school graduate, and that he "do[es] not fully understand court proceedings." (Doc. 3, p. 2). Nonetheless, Plaintiff's documents indicate that he is capable of stating the relevant facts regarding his legal claims. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to identify the Jail officials involved in his claim, include more factual content describing his communications with those officials about his food allergy, explain what harm he has suffered, and state what he wants the Court to do about the problem. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at

this time and the motion (Doc. 3) is **DENIED** without prejudice.  The Court will remain open to appointing counsel as the case progresses.

## Disposition

**COUNT 1** and the Complaint (Doc. 1) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **August 23, 2018**).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 18-cv-1319-JPG.

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 25, 2018**

<u>s/J. Phil Gilbert</u>
United States District Judge