# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK JENNINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-1319-JPG |
| | ) |
| **MEDICAL STAFF (St. Clair County Jail),** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 8), filed on August 7, 2018, at the direction of the Court. Plaintiff is a pretrial detainee at the St. Clair County Jail ("the Jail"). The original Complaint (Doc. 1) was dismissed on July 26, 2018, for failure to state a claim upon which relief may be granted. (Doc. 7). In the merits review order, the Court characterized Plaintiff's claim as follows:

> **Count 1:** Fourteenth Amendment claim against Unknown St. Clair County Jail Medical Staff, for failing to serve Plaintiff food that is free of mustard, in response to Plaintiff's report that he is allergic to mustard.

(Doc. 7, p. 3).

As with the original Complaint, the Court must screen Plaintiff's amended pleading pursuant to 28 U.S.C. § 1915A, and must dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The First Amended Complaint does not survive §1915A review. It corrects none of the

1

flaws identified in the original Complaint. The amended pleading shall thus be dismissed for failure to state a claim upon which relief may be granted. In consideration of Plaintiff's *pro se* status, he shall be allowed one final chance to submit an amended complaint that states a viable constitutional claim.

### The First Amended Complaint (Doc. 8)

As with the original Complaint, Plaintiff does not name any individual Jail officials as Defendants. (Doc. 8, pp. 1-2). He merely refers collectively to "Medical Staff (St. Clair County Jail)." (Doc. 8, p. 1). Nowhere in the amended complaint does Plaintiff mention the names of any Jail officials to whom he directed his complaints or requests for assistance.

Plaintiff states that he filed a sick call request form regarding his food allergy. (Doc. 8, p. 4). When he got no response, he took the "next step" of filing a "complaint/request form." *Id.* Neither of these requests yielded any response from Jail officials.

For his statement of claim, Plaintiff writes:

> The supervisor officer of my block that I asked for a status of my complaint forms and sick call requests did not inform me of my status. I then wanted attention from a Sergent [sic] to inform me and never was attended to. I then filed another complaint form to take action on my situation and never was responded to. I also was never called for a sick call screening to attend to my matters.

(Doc. 8, p. 5).

As relief, Plaintiff wants "the State" to look into the status of his food allergy requests that have been ignored. (Doc. 8, p. 6).

### Merits Review Pursuant to 28 U.S.C. § 1915A

The Court shall continue to refer to Plaintiff's claim as characterized in the original merits review order:

> **Count 1:** Fourteenth Amendment claim against Unknown St. Clair County Jail Medical Staff, for failing to serve Plaintiff food that is free of mustard, in

response to Plaintiff's report that he is allergic to mustard.

The initial problem with the First Amended Complaint is that, like the original pleading, Plaintiff does not identify any individual Jail official by name as a Defendant. Plaintiff was instructed to specify each Defendant *by name* (or to use John/Jane Doe for an unknown person) in the amended complaint, and to state facts describing what each Defendant did (or failed to do) that violated Plaintiff's constitutional rights. (Doc. 7, p. 7). In the First Amended Complaint, Plaintiff states that he asked a "supervisor officer" about the status of his complaints and sick call requests. (Doc. 8, p. 5). He also indicates that he may have spoken with a Sergeant. *Id.* However, Plaintiff does not include either officer as a Defendant, either by name or by John Doe description. Plaintiff's statement of claim does not indicate that he explained his food allergy to these officers (or any other person), or that he told them how his health might be at risk if he ate food to which he was allergic.

As Plaintiff was informed in the Court's previous order, § 1983 creates a cause of action based on personal liability and fault. (Doc. 7, pp. 4-5). In order to obtain any relief in a § 1983 action, Plaintiff must identify one or more individual Defendants, and describe what each Defendant did, or failed to do, that violated his constitutional rights. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). It is not sufficient to collectively sue "medical staff" without explaining how each staff person displayed deliberate indifference to Plaintiff's food allergy condition.

Furthermore, the First Amended Complaint does not include any of the factual allegations from the original Complaint (for instance, that Plaintiff's food allergy involves mustard, and that he claims to have spoken with some unidentified medical staff person about the problem). The Court cannot consider the material that was omitted from the First Amended

Complaint. As Plaintiff was instructed, an amended complaint entirely replaces any previous complaint – making the earlier complaint void. (Doc. 7, p. 7). Therefore, Plaintiff must include in the amended complaint *all* facts and information that he wishes the Court to consider, so that his entire statement of claim is presented in a single document. He cannot merely tack on the amended complaint to the original complaint in a piecemeal fashion.

The Court also explained that in order to state a viable claim, Plaintiff must set forth facts showing that he was at risk for serious health problems if he ate the food to which he was allergic (or possibly faced a risk of inadequate nutrition if he rejected the problem food). Additionally, he must show that he made the Defendant(s) aware of his food allergy and the risk he faced from being served food that triggered the allergic reaction – yet despite this knowledge, the Defendant(s) failed to take action to address the problem. (Doc. 7, pp. 3-5). The First Amended Complaint (like the original Complaint) fails to include any factual allegations to meet either the objective or the subjective requirement of a deliberate indifference claim.

For the above reasons, the First Amended Complaint (Doc. 8) shall be dismissed without prejudice. The Court shall offer Plaintiff **one final chance** to submit a new amended complaint, in order to correct the deficiencies identified in this order and in the Court's initial review order. (Doc. 7). Plaintiff should carefully review both orders as he prepares his next amended complaint.

## Disposition

The First Amended Complaint (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint within 28 days of the entry of this order (on or before

**September 10, 2018**).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "Second Amended Complaint" and include Case Number 18-cv-1319-JPG.

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include **all** the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint, and the Court shall not consider any material that Plaintiff does not include in the Second Amended Complaint.  Thus, the Second Amended Complaint must contain **all** the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, Plaintiff's case shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

*Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint. If the Second Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

s/J. Phil Gilbert
United States District Judge