# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK JENNINGS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−1319−JPG |
| MEDICAL STAFF, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Derrick Jennings, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff makes no request for relief. This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Background and The Second Amended Complaint**

Plaintiff originally brought suit on June 25, 2018 raising allegations related to a mustard allergy. (Doc. 1). The Court dismissed the complaint because Plaintiff failed to state a claim upon which relief could be granted. (Doc. 7). Specifically, the Court found that the Complaint contained insufficient information to determine whether Plaintiff had suffered harm, failed to properly list any defendants, and failed to request relief. (Doc. 7).

Plaintiff filed the First Amended Complaint on August 7, 2018. (Doc. 8). Once again, the Court found that Plaintiff failed to state a claim. The Court specifically found that Plaintiff had failed to correct any of the flaws identified in the original complaint. (Doc. 9, pp. 1-2). Plaintiff failed to name a proper defendant or allege that any one was personally involved in the deprivation that he complained of. (Doc. 9, pp. 2-3). Plaintiff also omitted the allegations from the original complaint regarding his mustard allergy. *Id*. Once again, Plaintiff was invited to submit an amended complaint. (Doc. 9, p. 4).

Plaintiff's statement of claim in the Second Amended Complaint is as follows:

"The supervisor officer of the block I asked for a grievance form he asked for what. I told he so I can write my facts about my lawsuit he denied. me and told me I don't need one I told him can he bring a sergant down her he denied me again I can't really get everything I need to say to the Court because they are steady denieing my request." (Doc. 10, p. 6) (spelling and grammatical mistakes in original). Plaintiff's request for relief states that "they" are putting mustard on my food. (Doc. 10, p. 7). He also states that he told Mary Davis, the kitchen lady about his allergy. *Id*.

## Discussion

Previously, the Court characterized Plaintiff's claim as follows:

**Count 1** – Fourteenth Amendment claim against Unknown St. Clair County Jail Medical Staff for failing serve Plaintiff food that is free of mustard, in response to Plaintiff's report that he is allergic to mustard.

The Court finds that Plaintiff has not corrected the deficiencies previously identified by the Court. He has still not identified a proper defendant. Although he alludes to Mary Davis, the Second Amended Complaint identifies her as kitchen staff, whereas the only listed defendants are medical staff. This means that Plaintiff's description of "medical staff" cannot refer to Mary Davis. Plaintiff was also previously warned that the invocation of "Medical Staff" was too vague to support a claim, but he has still not identified a more specific defendant, even by using the "John Doe" designation.

Plaintiff has also failed to fully describe the extent of his harm, other than to say that he gives food away. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Plaintiff's description is too vague for the Court to conclude that the mustard is harming him, as opposed to inconveniencing him.

Plaintiff has also not requested relief. Pursuant to Fed. R. Civ. P. 8, a pleading must contain a claim for relief. The Court previously noted that Plaintiff had failed to request relief, and Plaintiff has not corrected the problem. His Second Amended Complaint is therefore improper.

This is Plaintiff's third attempt to submit a viable complaint. As the Second Amended Complaint continues to fail to state a claim, the Court presumes that Plaintiff cannot state a claim to relief. According, the Court will **DISMISS** this action with prejudice and assess a strike.

**Disposition**

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Plaintiff is also assessed a strike pursuant to § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: November 5, 2018**

s/J. Phil Gilbert
**U.S. District Judge**